at length the doctrine of the court applicable to them. A firm and impartial enforcement of these doctrines will serve to promote order and security in this vast department of the social economy, and give stability to the interests embraced within it. Decree of reversal; libel dismissed, with costs.

[On appeal to the supreme court the decree of this court was affirmed. 18 How. (59 U. S.) 463.]

MAGNOLIA, The (THURSTON v.). See Case No. 14,017.

MAGOON (UNITED STATES v.). See Case No. 15,707.

MAGOUN, The (FURNISS v.). See Case No. 5,163.

## Case No. 8,959.

MAGOUN et al. v. FIFTEEN THOUSAND DOLLARS.

[N. Y. Times, Oct. 2, 1852.]

Circuit Court, S. D. New York. 1852.

SALVAGE—AMOUNT OF—PER CENTUM.

Appeal from the district court of the United States for the Southern district of New York. Before NELSON, Circuit Justice.

Claim for salvage service. Decree of the court below reversed, so far as salvage on the $15,000 is denied, and salvage to the amount of 1½ per cent. allowed.

## Case No. 8,960.

MAGOUN v. NEW ENGLAND GLASS CO.

[3 Ban. & A. 114.][1]

Circuit Court, D. Massachusetts. Oct., 1877.

PATENTS—INFRINGEMENT—SPECIAL LICENSE.

Where the infringing articles were constructed and used with the knowledge of the complainant, and with his consent, and were constructed by him or under his direction, and put into defendant's factories at its expense while in its employment, and were used under his direction before and up to the date of his application for a patent: *Held*, that such a state of facts operates as a special license to use such specific articles.

[Cited in American Tube-Works v. Bridgewater Iron Co., 26 Fed. 336; Jencks v. Langdon Mills, 27 Fed. 624.]

[This was a bill in equity by Joseph Magoun against the New England Glass - Company, alleging the infringement of a patent which was granted to complainant September 10, 1867.]

Geo. E. Betton, for complainant.
Geo. L. Roberts & Bros., for defendant.

SHEPLEY, Circuit Judge. The defendants are not proved to have used any moulds of the construction set forth in complainant's patent, No. 68,633, except such as were constructed and used with the knowledge of the complainant, and with his consent, and were constructed by the complainant or under his direction, and put into defendant's factories and used under his direction before and up to the date of his application for the patent. Such construction of the moulds at defendant's expense while complainant was in their employment, operates as a special license to continue to use those specific moulds. No infringement being proved, the bill is dismissed with costs.

## Case No. 8,961.

MAGOUN v. NEW ENGLAND MARINE INS. CO.

[1 Story, 157; [1] 3 Law Rep. 127.]

Circuit Court, D. Massachusetts. May Term, 1840.

MARINE INSURANCE—CAUSA PROXIMA—CONDEMNATION—PROHIBITED TRADE—SENTENCE OF FOREIGN COURT—LIABILITY.

1. The maxim, "Causa proxima. non remota, spectatur," does not exclude incidental losses following as a natural, or legal consequence of peril, insured against and properly attributable thereto. Thus, in case of a capture, if, before the vessel is delivered from that peril, she is lost by fire or accident or negligence of the captors, the whole loss is attributable to the capture.

[Cited in Dole v. New England Mut. Marine Ins. Co., Case No. 3,966.]
[Cited in McCargo v. New Orleans Ins. Co., 10 Rob. (La.) 202; Dole v. Merchants' Mut. Marine Ins. Co., 51 Me. 473; De Rothschilds v. Auditor, 22 Grat. 48; Brown v. St. Nicholas Ins. Co., 61 N. Y. 340.]

2. It is not necessary, that there should be a justifiable cause of condemnation, but only a probable cause of seizure, to bring a case within the exception in the Boston policies, with regard to seizure on account of illicit or prohibited trade.

3. The sentence of acquittal of a foreign court acting in rem, in cases of revenue, seizure, and prize, is conclusive, except in cases of fraud. Concealment of facts affords no ground to avoid the sentence of a foreign court, acting in rem, whether it be a sentence of acquittal or of condemnation.

[Cited in Allen v. Blunt, Case No. 217; Cushing v. Laird, 107 U. S. 80, 2 Sup. Ct. 204.]

4. Quaere. Whether such a sentence would be open to a reëxamination, upon the ground of false swearing in the case by the agents of the interested parties.

5. A vessel was seized in a foreign port by the custom house officers, for an alleged violation of the revenue laws, and upon trial the court affirmed, that there was no justifiable ground for the seizure, and the vessel was restored. But from long exposure, in consequence of these proceedings, it was found, that she could not perform her voyage home without great repairs, amounting to more than her value. She was accordingly abandoned to the underwriters, and in an action against them, it was *held*, that the abandonment was good, and the underwriters were liable for a total loss.

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

[1] [Reported by William W. Story, Esq.]